IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| PINKIE BURTON, JR.,<br>Institutional ID No. 1188484, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 6:18-CV-00046-BU |
| TEXAS BOARD OF PARDONS &<br>PAROLE, *et al.*, | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pinkie Burton, Jr., ("Burton"), an inmate incarcerated by the Texas Department of Criminal Justice ("TDCJ"), filed this civil action under 42 U.S.C. § 1983 on November 1, 2018. Dkt. No. 1. The Court granted Burton leave to proceed *in forma pauperis*, which subjects his complaint to the Court's preliminary judicial screening measures under 28 U.S.C. § 1915(e)(2). Dkt. No. 12. Because Burton brings his suit against government officials, his complaint is also subject to screening under 28 U.S.C. § 1915A.

Under 28 U.S.C. § 636(b) and Special Order 3-326, this civil action was transferred to the undersigned United States magistrate judge. Dkt. No. 15. Burton has not consented to proceed before a magistrate judge.

In his Complaint, Burton complains of constitutional violations that allegedly occurred during his time at the Thomas R. Havins Pre-Release Facility ("Havins Unit"). Dkt. No. 1 at 4. The Court ordered Burton to complete a screening questionnaire, which

Burton did. Dkt. No. 22. Based on the undersigned's review of Burton's Complaint, his questionnaire responses, and the authenticated records of the TDCJ, the undersigned recommends that Burton's claims be dismissed.

## I.  BACKGROUND

On May 4, 2017, the Texas Board of Pardons and Paroles (the "Board") granted Burton F-1-5 parole status, requiring Burton to participate in an in-prison treatment program at the Havins Unit for approximately six months before Burton could be eligible to be released on parole. Dkt. No. 1-1 at 1–2.

Burton arrived at the Havins Unit on July 14, 2017 to begin his participation in the program. *Id*. at 1. Within a week of Burton's arrival at the Havins Unit, Burton filed a Step-1 Grievance, which he titled "Emergency Grievance," complaining of an alleged interaction between Burton and Officer Silva, a correctional officer at the Havins Unit and a defendant to this civil action. Dkt. No. 1-3 at 2. The authenticated records identify this Step-1 Grievance as Grievance No. 2017175277.

Through the filing of Grievance No. 2017175277, Burton recounted several verbal exchanges in which Silva allegedly threatened and harassed Burton over a two-day period from July 18 to July 19, 2017. *See id*. Burton informed prison staff that he was "attempting to file life endangerment on Officer Silva" and that, because of perceived threats made by Silva, Burton sought "protection until the situation is solved." Burton further stated in his grievance: "I'm uncertain how I will react to Officer Silva harassment if it becomes physical."

Prison officials promptly initiated a grievance investigation into Burton's Step-1 Grievance. In a statement provided to investigators, Silva denied threatening Burton. Officer J. Gregory, a witness to the exchange between Burton and Silva on July 18, 2017, also provided a statement that he did not hear Silva make the threatening statements alleged by Burton's grievance. The investigation of Burton's Step-1 Grievance found Burton's allegations of staff threats and harassment to be unsubstantiated. However, Havins Unit officials nevertheless appeared to be concerned about Burton's statement that he was "uncertain how [he] will react to Officer Silva harassment if it becomes physical." Lieutenant Denton interviewed Burton about this statement, and according to the offense report prepared by Denton on July 24, 2017, Burton stated that he believed "things between he and Officer Silva . . . would result in a physical confrontation."

Based on Burton's statements in his grievance and his interview with Denton, Havins Unit officials charged Burton with disciplinary case no. 20170346322 (Code 4.0 – Threatening to Inflict Harm on an Officer).[1] A disciplinary hearing on the charge was held on July 27, 2017, and Burton was found guilty of threatening to inflict harm on an officer.

Thereafter, Burton received a behavioral removal from the Havins Unit on November 2, 2017. *See* Dkt. No. 1-1 at 2. According to the authenticated records, because

---

[1] The authenticated records reveal that T.R. Havins prison officials charged Burton with a second disciplinary violation, identified as disciplinary case no. 20170376231 (Code 16.0 – Possession of Contraband), arising from contraband confiscated from Burton on August 18, 2017. A disciplinary hearing held on August 22, 2017 found Burton guilty of the disciplinary violation.

Burton was found guilty in disciplinary case no. 20170346322, a panel of the Board voted to withdraw Burton's F-1-5 status on November 28, 2017.[2]

## II.  PRELIMINARY SCREENING

A court must dismiss a complaint filed in forma pauperis by a prisoner against a government entity or employee if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2016); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable basis in law if it contains indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma*

---

[2] Burton, throughout the briefing in support of his Complaint, states that the Board revoked his parole status on December 6, 2017.  *See* Dkt. No. 1-1 at 2, 4; Dkt. No. 1-2 at 2.  The authenticated records indicate that the vote to revoke Burton's F-1-5 status occurred on November 28, 2017.

*pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified and authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## III.  DISCUSSION AND ANALYSIS

1.  <u>Burton's Claims</u>

In his Complaint, Burton sues the Board and four employees at the Havins Unit, whom he identifies as Counselor Delgado, Counselor Murphy, Counselor Self, and Officer Silva.

Burton alleges that Delgado "maliciously informed" the Board that Burton had "been found 'guilty' of a major disciplianry [sic] infraction." Dkt. No. 1 at 4. Burton alleges that Delgado "used the power of her office to defraud, conspire, & deprive prisoner of his liberty/freedom" when she falsified a government document, and he further alleges that Murphy and Self conspired with Delgado to "defraud and deprive prisoner of Liberty/freedom while under color of law." *Id*. at 3. Burton alleges that Silva "[t]hrough malicious acts while under color of law" abused the power of his office "to slander, libel, defame & ultimately cause the loss of liberty/freedom and release on parole." *Id*. As a

5

result, Burton claims that the Board "[u]sed false information to take away F-I-5 Grant of Parole & in doing so falsified [a] Government document, deprived applicant of his 'Liberty & Freedom.'" *Id.*

Burton contends that the actions of the defendants violated his right to due process under the Fourteenth Amendment, the Eighth Amendment's prohibition on cruel and unusual punishment, the Fifth Amendment's double jeopardy clause, and the Sixth Amendment's confrontation clause. *Id.* at 4; Dkt. No. 1-1 at 1–2, 4–6. Additionally, Burton brings claims for breach of contract, conspiracy, libel, slander, and aggravated perjury against the defendants. Dkt. No. 1 at 4; Dkt. No. 1-1 at 4, 6.

Burton seeks money damages against each defendant. Dkt. No. 1 at 4; Dkt. No. 22 at 4. He also seeks injunctive relief in the form of his immediate release from incarceration to parole. Dkt. No. 1 at 4; Dkt. No. 22 at 4.

2.   Burton's request for injunctive relief is not a cognizable claim under 42 U.S.C. § 1983.

Burton's request for injunctive relief – that he be immediately released from prison and granted parole status – amounts to a request for habeas relief brought through a civil rights complaint. This request is not cognizable under § 1983 and cannot be considered in this action.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). A habeas petition is the appropriate remedy when a prisoner seeks "to invalidate the duration of [his]

6

confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original). "[A] prisoner in state custody cannot use a § 1983 action to challenge the 'fact or duration of his confinement.'" *Id*. at 78 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). This is precisely what Burton, in part, seeks to achieve through this § 1983 action when he requests that the Court order his immediate released from prison to parole.

Where a plaintiff "seeks both monetary damages, which are primarily available in a civil rights action pursuant to 42 U.S.C. § 1983, and release to parole or [release from incarceration], which is available in a habeas corpus action pursuant to 28 U.S.C. § 2254," he seeks "two forms of relief that cannot be obtained in the same suit." *Reed v. Thaler*, No. 2:11-CV-093, 2011 WL 3924171, at *2 (N.D. Tex. Aug. 15, 2011), *rec. adopted*, 2011 WL 3927746 (N.D. Tex. Sept. 7, 2011). In these circumstances, the district court is required to "separate the claims and decide the § 1983 claims." *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463–64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam); collected cases omitted)). Thus, the Court may not consider Burton's request for injunctive relief in this action.

3.  Burton's claims against the Board are barred by the Eleventh Amendment.

Burton sues the Board on the basis that it "used false information to take away [Burton's] F-I-5," which he contends deprived him of a liberty interest in parole.[3] Dkt. No. 1 at 3; Dkt. No. 22 at 4.

The Eleventh Amendment bars claims against a state or state entity brought under 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The State has not waived its immunity by consenting to this lawsuit, nor has Congress abrogated Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

It is well-settled that, as a state instrumentality, the TDCJ is immune from a suit seeking monetary damages. *Aguilar*, 160 F.3d at 1054; *see also Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008) ("The TDCJ is an agency of the state,

---

[3] As a corollary point, the Court observes that Texas prisoners do not have a protected liberty interest in parole, so procedural or substantive due process grounds do not provide a basis for challenging state parole review procedures. *See Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997). Therefore, Burton's argument that the defendants deprived him of a liberty interest lacks an arguable basis in law, and thus is frivolous.

and as such is normally shielded from suits by individuals absent [its] consent.") (citation and internal quotation marks omitted). "The Texas Board of Pardons and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity." *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

Therefore, Burton's claims against the Board should be dismissed.

4.    Burton's remaining civil rights claims are barred under *Heck v. Humphrey*.

Burton's remaining civil rights claims against Havins Unit employees Delgado, Murphy, Self, and Silva are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) because a favorable ruling on these claims "would necessarily imply the invalidity" of his parole revocation.

"In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486–87). "A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted).

The "conviction" inconsistent with Burton's civil rights claims is the decision of the Board to alter or withdraw Burton's parole status, which ultimately extends the duration of Burton's sentence. The Fifth Circuit Court of Appeals has extended the *Heck* doctrine to bar a "challenge to the validity of confinement resulting from a parole-revocation hearing."

*Johnson v. Murray*, 420 F. App'x 327, 328 (5th Cir. 2011) (per curiam) (citing *McGrew*, 47 F.3d at 161). The *Heck* bar also applies to claims for damages arising from alleged constitutional violations in "a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing *Edwards v. Balisok*, 520 U.S. 641, 645 (1997)). "The application of the *Heck* and *Balisok* doctrines to a case depends on whether a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or confinement." *Roberto Villarreal v. Johnson*, No. 2:15-CV-219-D, 2019 WL 1300093, at *4 (N.D. Tex. Feb. 21, 2019) (citing *Hudson v. Hughes*, 98 F.3d 868, 972 (5th Cir. 1996)), *rec. adopted*, 2019 WL 1294802 (N.D. Tex. Mar. 21, 2019).

Burton has not—and cannot—show that the Board's decision has been reversed on direct appeal, expunged by executive order, or invalidated by a state or federal court. *McGrew*, 47 F.3d at 161. On January 2, 2018, Burton wrote a letter to the Board requesting that it reconsider the decision to withdraw his F-1-5 status. Dkt. No. 1-1 at 2. The authenticated records contain a reply letter from the Board, dated March 15, 2018, in which the Board declined to implement a "Special Review" of the Board's decision because Burton's request failed to meet the criteria for such review. Additionally, the letter concluded with the following statement: "TDCJ records reflect that you were convicted of the major disciplinary case number 20170346322 and there have not been any corrections made to the record."

Moreover, in the Magistrate Judge's Questionnaire sent to Burton, the Court asked Burton to state whether he has challenged the revocation of his parole status in either a

10

state habeas application or in a federal petition for writ of habeas corpus. Dkt. No. 22 at 2–3. Burton responded that he did not pursue state habeas remedies to challenge the Board's decision. *Id*. at 2. Instead, Burton states that he challenged the revocation of his parole status through a federal petition for writ of habeas corpus. *Id*. at 3. But when asked to identify the cause number for his federal habeas action, Burton cites to the instant case—an action brought under 42 U.S.C. § 1983. *Id*. As stated above, a § 1983 action may not be used to challenge a prisoner's duration of confinement, and it appears that Burton has no pending federal habeas action in this Court.

Ruling on Burton's civil rights claims would likewise undermine the Havins Unit disciplinary board's decision finding Burton guilty in disciplinary case no. 20170346322. Throughout his Complaint, Burton repeats the assertion that Counselor McCray—a Havins Unit employee whom Burton does not name as a defendant—informed Burton that disciplinary case no. 20170346322 "would be handled 'in house & disposed of'" but that she encouraged Burton to write an essay "for a learning experience." Dkt. No. 1-1 at 2–3, 5. To this extent, Burton contends that disciplinary case no. 20170346322 was "disposed of & would not effect Petitioner's release on Parole." *Id*. at 6.

Whatever assertions McCray may or may not have made to Burton regarding his disciplinary case, how it would be handled, and the impact it would have on his parole status, such assertions are not sufficient to overcome the bar imposed by *Heck*.

As *Heck* observed, the Supreme Court "has generally declined to expand opportunities for collateral attack," due to longstanding "concerns for finality and consistency" as well as the "hoary principle that civil tort actions are not appropriate

vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 485–86; *see also Aucoin v. Cupil*, 958 F.3d 379, 382 (5th Cir. 2020) (noting that "if an individual objects to the results of a prior proceeding, the proper avenue for relief is an authorized appeal in *that* proceeding—not an end-run through § 1983."). With respect to the disciplinary proceedings, Burton filed Step-1 and Step-2 Grievances appealing the disciplinary board's finding of guilt in disciplinary case no. 20170346322. The disciplinary panel's decision was affirmed after review of Burton's grievances and the disciplinary hearing record. Burton has not presented any evidence that this decision has been overturned within TDCJ or by a state or federal court.

Because Burton is unable to show that the Board's decision, as well as the underlying disciplinary decision on which the Board's decision is based, has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court, Burton's claims are *Heck* barred and should be summarily dismissed as frivolous.

5. Burton's claim for conspiracy is frivolous and fails to state a claim.

In addition to alleged constitutional violations, Burton asserts a conspiracy claim against Delgado, Murphy, and Self. This claim should be dismissed as frivolous and/or for failure to state a claim on which relief may be granted.

Burton claims that Delgado, Murphy, and Self conspired to deprive Burton of a liberty interest in being released on parole. In order to establish a conspiracy claim under § 1983, a plaintiff must "show an actual violation of § 1983 and an agreement by the defendants to commit an illegal act." *Leggett v. Williams*, 277 F. App'x 498, 501 (5th Cir.

2008). "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy." *Id.* (citing *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986)). In pleading these specific facts, Burton must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella,* 810 F.2d 1363, 1369–70 (5th Cir. 1987). In addition, to recover on a claim of conspiracy, the Fifth Circuit has held that there must be an actual deprivation of a constitutional right; a mere conspiracy to deprive is insufficient. *Villanueva v. McInnis,* 723 F.2d 414, 418 (5th Cir. 1984).

First, as noted above, Texas prisoners do not have a protected liberty interest in parole, so procedural or substantive due process grounds do not provide a basis for challenging state parole review procedures. *See Johnson*, 110 F.3d 299. Therefore, Burton's argument that the defendants deprived him of a liberty interest in parole fails to show an actual violation of § 1983. Second, Burton's conclusory allegations about conspiracy fail to state a plausible claim that Delgado, Murphy, and Self entered into an agreement to deprive Burton of a constitutional right or to commit an illegal act.

Thus, Burton's conspiracy claim should be dismissed with prejudice as frivolous and for failure to state a claim on which relief may be granted.

6.  Burton's claim for aggravated perjury is not cognizable under § 1983.

Burton alleges a claim for aggravated perjury against the defendants. Dkt. No. 1 at 4; Dkt. No. 1-1 at 4. Burton's claim for aggravated perjury—a criminal offense pursuant to Texas Penal Code § 37.03—is not appropriately brought by a plaintiff in a civil action. *See Hassell v. United States*, 203 F.R.D. 241, 244 (N.D. Tex. 1999) ("Criminal statutes can neither be enforced by civil action nor by private parties.") (citation omitted).

13

Therefore, the Court should dismiss this claim with prejudice as frivolous.

7. <u>The Court should decline to exercise supplemental jurisdiction over Burton's remaining state law claims.</u>

Finally, Burton asserts claims for breach of contract, libel, and slander.

To the extent that the Court dismisses this action on the merits, it should decline to exercise supplemental jurisdiction over Burton's remaining state law claims. Whether to exercise supplemental jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). When the Court dismisses federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See La Porte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

Therefore, the Court should dismiss Burton's other state law claims without prejudice to Burton pursuing them in state court.

## IV.  CONCLUSION

For the above reasons, the undersigned RECOMMENDS that Burton's claims seeking reinstatement of his parole status be DISMISSED without prejudice as these claims are not cognizable in this § 1983 action. The undersigned further RECOMMENDS that Burton's claims against the Board be DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) because Burton seeks monetary relief from a defendant who is immune from such relief, and that Burton's remaining civil rights claims be

DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) as frivolous until such time as he satisfies the conditions set forth in *Heck*. To the extent that the Court dismisses Burton's federal law claims, the undersigned RECOMMENDS that the Court decline to exercise supplemental jurisdiction over Burton's remaining state law claims and that such claims be DISMISSED without prejudice.

It is ORDERED that this case be transferred back to the docket of the United States District Judge and designated as Civil Action No. 6:18-CV-00046-C.

## V.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 9th day of April, 2021.


JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE